Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ASOC. RESIDENTES DE THE CLUSTERS, INC. Recurrido v. REYNALDO RODRÍGUEZ COLÓN Y OTROS Peticionarios | KLCE202400989 | *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala de Bayamón Civil Núm.: DO2023CV00227 Sobre: Alteración de Fachada; Ley de Propiedad Horizontal; Violación de Escritura Matriz; Sentencia Declaratoria |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de octubre de 2024.

Comparece Reynaldo Rodríguez Colón, (señor Rodríguez Colón o el Peticionario) y solicita la revocación de la *Resolución y Orden* emitida el 15 de agosto de 2024 por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario) notificada el 16 de agosto del corriente año. Mediante la referida *Resolución y Orden* el foro primario declaró *No Ha Lugar* la *Moción en Solicitud de Desestimación y de Decreto de Nulidad de la Acción Incoada* presentada por el Peticionario, a los fines de que el TPI desestimara la Demanda sobre Sentencia Declaratoria por Alteración de Fachada y Violación de Escritura Matriz bajo el Régimen de Propiedad Horizontal, presentada en su contra por la Asociación de Residentes de The Clusters, Inc. (Asociación de Residentes o los Recurridos).

Por los fundamentos que pasamos a exponer, denegamos el auto de *Certiorari* solicitado por el Peticionario.

Número Identificador

SEN(RES)2024_____

# I.

El 14 de noviembre de 2023, la Asociación de Residentes presentó Demanda sobre Sentencia Declaratoria por Alteración de Fachada y Violación de Escritura Matriz bajo el Régimen de Propiedad Horizontal, y una solicitud de cese y desista en contra del Recurrente y de su esposa la Sra. Betsy Ann Mas y la Sociedad de Gananciales compuesta por ambos.[1] Mediante *Sentencia Parcial* emitida y notificada 19 de diciembre de 2023, a raíz del desistimiento voluntario de la Asociación de Residentes, en cuanto a la Sra. Betsy Ann Mas, el foro primario decretó el archivo de la acción pendiente en cuanto a esta, al amparo de la Regla 39.1 (a) (1) de Procedimiento Civil, 32 LPRA Ap. V., R. 39.1 (a) (1). [2]

En lo pertinente a la solicitud de cese y desista, mediante *Sentencia Parcial* emitida el 19 de enero de 2024 y notificada el 16 de agosto de 2024, el foro primario declaró Ha Lugar la solicitud de *injunction* preliminar presentada por la Asociación de Residentes y ordenó al Recurrente paralizar cualquier construcción que alterara el exterior de la propiedad. En cuanto a las demás causas de acción, sobre alteración de fachada, falta de permisos y la petición de demolición de construcción, el foro primario dispuso que estas se tramitarían mediante el procedimiento civil ordinario.[3]

En el interín, el 1 de marzo de 2024, el señor Rodríguez Colón presentó **Contestación a la Demanda** en la que como **defensa afirmativa** sostuvo que la **Asociación de Residentes carecía de legitimación activa** para instar la demanda y que esta dejaba de exponer una reclamación que justificara la concesión de un remedio[4] Posteriormente el 15 de marzo de 2024, el Peticionario presentó ante el foro primario **Moción en Solicitud de**

---

[1] *Véase* páginas 1-132 del Apéndice de la *Solicitud de Certiorari*
[2] *Véase* página 150 del Apéndice de la *Solicitud de Certiorari*
[3] *Véase* páginas 170-202 del Apéndice de la *Solicitud de Certiorari.*
[4] *Véase* páginas 154-158 del Apéndice de la *Solicitud de Certiorari.*

*Desestimación y de Decreto de Nulidad de la Acción Incoada (Moción de Desestimación)*[5] En ajustada síntesis, el señor Rodríguez Colón adujo que la Demanda presentada por la Asociación de Residentes debía de desestimarse toda vez que contraviene lo dispuesto en el **Artículo 48 de la *Ley de Condominios de Puerto Rico*, (Ley de Condominios), Ley Núm. 129-2020, 31 LPRA sec.1922t que en lo pertinente dispone que un Consejo de Titulares no debe tomar forma corporativa o de sociedad**. Adujo además, que en el presente caso la Asociación de Residentes es "una entidad corporativa que ha reclamado para sí, de forma ilícita, la personalidad y capacidad jurídica para obrar que debe residir exclusivamente en el Consejo de Titulares" de conformidad Artículo 48 de la *Ley de Condominios.[6]*

Por su parte, la Asociación de Residentes presentó *Oposición a Moción en Solicitud de Desestimación* ante el TPI, el 22 de abril de 2024. [7] En lo pertinente, **la Asociación de Residentes reconoció que el argumento legal levantado por el Peticionario procede como cuestión de derecho toda vez que el Artículo 48 de la Ley de Condominios, *supra,* dispone que el Consejo de Titulares tendrá personalidad jurídica propia  y no podrá asumir forma corporativa o de sociedad**.[8] Sin embargo, la Asociación de Residentes alegó que toda vez que representa los intereses del Consejo de Titulares, por economía procesal. el foro primario debía considerar las alternativas legales que proceden para remediar la situación expuesta por el señor Rodríguez Colón.

Así las cosas, mediante *Resolución y Orden* emitida el 15 de agosto de 2024 y notificada al día siguiente, el foro primario denegó la solicitud de desestimación de la Demanda presentada por el

---

[5] *Véase* páginas 159-162 del Apéndice de la *Solicitud de Certiorari*
[6] *Véase* página 161 del Apéndice de la *Solicitud de Certiorari.*
[7] *Véase* páginas 163-168 del Apéndice de la *Solicitud de Certiorari*
[8] *Véase* página 164 del Apéndice de la *Solicitud de Certiorari*

Peticionario. [9] Asimismo, en dicha *Resolución y Orden* el TPI ordenó a la Asociación de Residentes enmendar la Demanda en el término improrrogable de veinte (20) días, a partir de la notificación de la *Resolución y Orden*, para eliminar a la Asociación de Residentes y sustuir a dicha parte por el Consejo de Titulares del Condominio The Clusters (Consejo de Titulares), **"[p]or ser el Consejo de Titulares la persona jurídica con legitimación activa para instar la presente demanda"**.[10] Concluyó además, el foro primario que su determinación procede conforme a la política pública de que los casos se resuelvan en sus méritos, acorde a la economía procesal y al amparo de la Regla 15.1 de Procedimiento Civil, sobre legitimación activa, la cual autoriza la sustitución de parte con legitimación activa cuando la parte que presenta la demanda sea **una persona autorizada por ley a demandar sin el concurso de aquella para cuyo beneficio se hace la reclamación**. .

El 26 de agosto de 2024, dentro del término improrrogable ordenado por el foro primario, el Consejo de Titulares presentó ante el TPI *Demanda Enmendada* y *Moción en Cumplimiento de Resolución.*[11]

En desacuerdo, el señor Rodríguez Colón presentó recurso de epígrafe y señala la comisión del siguiente error por parte del foro primario:

> ERRÓ EL FORO DE INSTANCIA AL NO DECRETAR LA NULIDAD DE UNA ACCIÓN ENTABLADA POR UNA CORPORACIÓN ILÍCITA Y EN TRANSGRESIÓN A LO RESUELTO POR EL TRIBUNAL SUPREMO DE PUERTO RICO EN ARCE PRESTON V. CARIBBEAN HOME CONSTRUCTION CORP., 108 DPR 225 (1978).

La Asociación de Residentes compareció ante nos el 7 de octubre de 2024, mediante *Alegato en Oposición a Solicitud de*

---

[9] *Véase* páginas 204-232 del Apéndice de la *Solicitud de Certiorari*
[10] *Véase* página 232 del Apéndice de la *Solicitud de Certiorari*.
[11] *Véase* páginas 233-243 del Apéndice de la *Solicitud de Certiorari*

*Certiorari.* En ajustada síntesis, la Asociación de Residentes señala que el argumento del Peticionario se sostiene en el Ar. 48 de la Ley de Condominios, *supra,* que en lo pertinente dispone que "[e]l Consejo de Titulares no podrá asumir la forma corporativa o de sociedad", y en la decisión del Tribunal de Supremo en *Arce v. Caribben Home Const. Corp.*, 108 DPR 225, 254 (1978), que concluyó que, "la propia naturaleza de las funciones del Consejo de Titulares-relativas al dominio sobre el inmueble sujeto a propiedad Horizontal-no permiten que los titulares se incorporen", a pesar de que la ley en ese momento no contenía tal prohibición expresa. Razona la Asociación de Residentes que aún así, al amparo de la Regla 15.1 de Procedimiento Civil, 32 LPRA Ap. V. R. 15.1 y la economía procesal, el foro primario tenía discreción para denegar la solicitud de desestimación del Peticionario y para autorizar la enmienda a la Demanda para sustituir a la Asociación de Residentes por el Consejo de Titulares, parte con legitimación activa para demandar en este caso.

## II
### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter

dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para

llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Manejo de Caso y Economía Procesal

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *In re Collazo I,* 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.* **El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente.** *In re Pagani Padró,* 181 DPR 517, 529 (2011). (2011).

Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, **salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.** *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**III.**

Cuando se recurre de una determinación interlocutoria emitida por el foro primario, este Tribunal tiene discreción para expedir el recurso presentado ante su consideración. Conforme a lo anterior, nos corresponde evaluar si la controversia que nos ocupa se encuentra entre las establecidas en la Regla 52.1 de Procedimiento Civil, *supra* o sus excepciones. Además, debemos justipreciar si nos concierne ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.*

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta la revisión de resoluciones dictadas por el TPI, a manera de excepción cuando entre otras instancias, se recurre de la denegatoria de una moción de carácter dispositivo. La controversia ante nuestra consideración versa en torno a la denegatoria del foro primario a la solicitud de desestimación de la Demanda presentada por el señor Rodríguez Colón, asunto que está contemplado en la Regla 52.1 de Procedimiento Civil, *supra,* por tratarse de la denegatoria de una moción de carácter dispositivo, y se encuentra dentro del ámbito discrecional del foro primario.

Sin embargo, luego de examinar el expediente y los argumentos esgrimidos por el Peticionario, a la luz de los criterios de la Regla 52.1 de Procedimiento Civil, *supra,* y de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón para intervenir con la determinación recurrida. Lo anterior, debido a que la controversia versa en torno al manejo del caso para lo cual el foro primario tiene amplia discreción.

Mediante la *Resolución y Orden,* recurrida el TPI denegó la solicitud de desestimación presentada por el Peticionario y autorizó a la Asociación de Residentes a enmendar la Demanda para sustituir

a dicha parte por el Consejo de Titulares, por ser el Consejo de Titulares la persona jurídica con legitimación activa para instar la presente demanda y amparado en el principio de economía procesal.

Nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el foro primario haya sido arbitrario, cometido un craso abuso de discreción, o cuando de la actuación del foro *a quo* surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo, o cuando la determinación constituya una grave injusticia. Reiteramos que, en el recurso que aquí atendemos no se nos ha demostrado un escenario en el que proceda intervenir con la determinación recurrida.

Es nuestro criterio que en la resolución recurrida no hay indicios de parcialidad, arbitrariedad ni error manifiesto por parte del TPI que justifique nuestra intervención con el manejo del caso por parte del foro primario. *Véase,* Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos parte de esta Sentencia, denegamos la expedición del auto de *Certiorari* solicitado por el Peticionario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones